# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Estate of
Ruth Leonise Johnson,
deceased

September 26, 2001

Case No. 99-987

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on exceptions to a report of the Commissioner of Accounts of the City of Richmond. At issue is the proper distribution of a money market savings account.

Ruth Leonise Johnson died testate on April 16, 1999. At the time of her death, she owned a money market savings account at what was then NationsBank, now Bank of America, in the approximate amount of $86,203.54. This figure is the balance shown on the bank statement for the period ending April 20, 1999, four days after Johnson's death. Johnson's will makes no mention of the money market account. After conducting an evidentiary hearing, the Commissioner held that the account was a Pay on Death (P.O.D.) account that passed at Johnson's death to Mary Jane Bolling pursuant to Va. Code § 6.1-125.7 and not in accordance with the residuary clause of the will. Jo Ann Tucker and Steve A. Tucker, two of the co-administrators c.t.a. of Johnson's estate ("the objectors"), filed exceptions to that finding. Bolling is the other co-administrator. Pursuant to Va. Code § 26-33, the court held an evidentiary hearing on September 17, 2001, and the matter is now ripe for decision.

Virginia Code § 6.1-125.1(10) defines a "P.O.D. account" as "an account payable on request to one person during lifetime and on his death to one or more P.O.D. payees, or to one or more persons during their lifetimes and on the death of all of them to one or more P.O.D. payees." Section 6.1-125.1(11) defines "P.O.D. payee" as "a person designated on a P.O.D. account as one to whom the account is payable on request after the death of one or more persons." Neither § 6.1-125.1 nor any other provision of the Code prescribes

a specific manner in which a P.O.D. account must be established; that is, there are no prescribed forms or words that the legislature has set out as necessary to establish a P.O.D. account.[1] The absence of a legislatively mandated manner of creating a P.O.D. account is important in this case because nowhere on any bank document is the term "Pay on Death" or "P.O.D." used until after the date of Johnson's death.

The account at issue in this case was opened on January 28, 1999. The signature card contains the following, with the words on the left being part of the pre-printed form and the information on the lines being filled in by a bank employee:

|  |  |
|---|---|
| Account Number: | 0000 8737 8817 |
| Account Type: | Money Market Savings |
| Account Title: | Ruth L. Johnson |
|  | Mary Jane Bolling, Beneficiary |

The signature card was signed by Johnson. Both at the Commissioner's hearing and in court, Denise Ranallo, the bank employee who filled out the signature card, testified that the term "beneficiary" was the bank's official designation for a P.O.D. account. She testified in court that she had a specific recollection of waiting on Johnson and that it was Johnson's intent to establish a P.O.D. account. Although Elizabeth Fletcher, a retired Bank of America employee who was also employed by the bank when it was First & Merchants, Sovran, and NationsBank, did not testify that the term "beneficiary" was the bank's official designation for a P.O.D. account, she did testify that different bank employees set up P.O.D. accounts in different ways and that use of the term "beneficiary" was one of the acceptable ways to set up such an account in January 1999. The court believes that testimony.

The objectors raise two arguments against finding that the account at issue is a P.O.D. account. First, the objectors assert that by calling Bolling a beneficiary, Johnson was attempting to set up a trust. Obviously recognizing that if a trust had been established Bolling would still be entitled to the account pursuant to Va. Code § 6.1-125.12 ("Payment [of a trust account] may be made, on request, to the beneficiary upon presentation to the financial institution of proof of death showing that the beneficiary or beneficiaries survived all persons named as trustees"), the objectors further assert that the trust failed because of Johnson's failure to name a trustee. The court rejects

---

[1] By contrast, the legislature has prescribed a specific form to establish a joint account. *See* Va. Code § 6.1-125.15.

that argument. Not only is there no evidence of an intent to create a trust, other than the use of the term "beneficiary," the court, as fact-finder, accepts Ranallo's testimony that it was Johnson's intent to create a P.O.D. account.

Second, the objectors cite the case of *Jampol v. Farmer*, 259 Va. 53, 259 S.E.2d 436 (2000), to argue that the use of the term "beneficiary" prevents the account from being a P.O.D. account as a matter of law. The court rejects that argument as well. *Jampol* involved four certificates of deposit owned by a decedent at her death. At the time the certificates were issued, typed on each one were the names of P.O.D. payees. Later, the decedent lost all four certificates. She went to the bank in person and the bank reissued the certificates without the P.O.D. designations. Still later, the decedent again went to the bank and reported that the reissued certificates had been lost. The bank again reissued certificates without any P.O.D. designations. The issue was whether the reissued certificates were governed by the same P.O.D. designations contained on the originals. The Supreme Court held that they were not. That holding is not applicable to the case-at-bar.

In the present case, the evidence is clear that when Ruth Leonise Johnson opened the money market savings account at issue, she did so with the intent of creating a P.O.D. account with Mary Jane Bolling as the P.O.D. payee. Although the signature card calls Bolling a "beneficiary" instead of a "P.O.D. payee," the testimony of two bank employees was that it was an acceptable practice at the bank to use the term "beneficiary" to set up a P.O.D. account. One of those employees, the one who actually set up the account in question, testified that the term was used to set up a P.O.D. account for Johnson. No evidence was presented to the contrary. A P.O.D. account was established, and Bolling is entitled to the funds.